

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

## No. 02-23-00344-CR

———————————————————

JESSICA JAY BREDESON-ELLIOTT, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR16056

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

A jury convicted Appellant Jessica Jay Bredeson-Elliott of credit card or debit card abuse, a state jail felony. *See* Tex. Penal Code Ann. § 32.31(a), (b)(1)(A), (d). Upon her pleas of true to repeat-offender allegations that she had prior final state jail felony convictions, the jury assessed her punishment at eight years' confinement. *See id.* §§ 12.35(a), 12.425(a). The trial court sentenced her accordingly, and she timely appealed. *See* Tex. R. App. P. 26.2(a).

Bredeson-Elliott's court-appointed appellate counsel has filed a motion to withdraw and a brief complying with *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), representing that this appeal is frivolous because the record reveals no arguable or reversible error and no "nonfrivolous issue." In accordance with *Kelly v. State*, counsel provided Bredeson-Elliott with copies of the brief and motion to withdraw; informed her of her rights to file a pro se response, to review the record, and to seek discretionary review pro se should this court deny relief; and took concrete measures to facilitate her review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). This court gave Bredeson-Elliott the opportunity to file a pro se response to the *Anders* brief, but she did not do so; likewise, the State did not file a brief.

2

After an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record for any arguable ground that may be raised on the appellant's behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We therefore grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 22, 2024